RWW

**UNITED STATES DISTRICT COURT** RECEIVED
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

MAY 2 2 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Tondilia Walls

_____

_____

(Name of the plaintiff or plaintiffs)

v.

Pace Suburban Bus Co.
~~to Mark Klehets and Cedrick~~
~~Wright~~

(Name of the defendant or defendants)

)
)
)
)
)
)
)
)
)
)
)
)
)

14cv3783
Judge Andrea R. Wood
Magistrate Judge Susan E. Cox

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1.  This is an action for employment discrimination.

2.  The plaintiff is _Tondilia Walls_ of the
county of _Cook_ in the state of _Illinois_ .

3.  The defendant is _Pace Suburban Bus Company_ , whose
street address is _550 W. Algonquin Road_ ,
(city)_Arlington Heights_(county)_____(state) _Illinois_ (ZIP)_60005_
(Defendant's telephone number) _(847) 364-7223_

4.  The plaintiff sought employment or was employed by the defendant at (street address)
    _9889 Industrial Drive_ (city) _Bridgeview_
    (county) _Cook_ (state) _IL_ (ZIP code) _60455_

5. The plaintiff [**check one box**]

(a) ☐ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) December, (day) 28, (year) 2012.

7.1   *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not* ☒ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i)    ☐ the United States Equal Employment Opportunity Commission, on or about (month) November (day) 18 (year) 2013.

    (ii)    ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

  (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☐      Yes (month)_____ (day)_____ (year) _____

☐      No, did not file Complaint of Employment Discrimination

(b)      The plaintiff received a Final Agency Decision on (month) *February* (day) *24* (year) *2014* .

(c)      Attached is a copy of the

     (i)   Complaint of Employment Discrimination,

        ☒ YES    ☐ NO, but a copy will be filed within 14 days.

     (ii) Final Agency Decision

        ☒ YES    ☐ NO, but a copy will be filed within 14 days.

8.      *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

     (a) ☐      the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

     (b) ☒      the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) *February* (day) *24* (year) *2014* a copy of which *Notice* is attached to this complaint.

9.      The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

     (a) ☐    Age (Age Discrimination Employment Act).

     (b) ☐    Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

4

_____   _____

_____

_____

_____

13.     The facts supporting the plaintiff's claim of discrimination are as follows:

( SEE Attatched )_____

_____

_____

_____

_____

_____

14.     [*AGE DISCRIMINATION ONLY*]  Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.     The plaintiff demands that the case be tried by a jury. ☐ YES     ☐ NO

16.     THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐     Direct the defendant to hire the plaintiff.

(b) ☐     Direct the defendant to re-employ the plaintiff.

(c) ☐     Direct the defendant to promote the plaintiff.

(d) ☐     Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐     Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐     Direct the defendant to (specify): _____

_____

**Date of incident: 12/28/12**

Who was present: Tondilia Walls

Where: Mailed regular mail to my current address.

What Happened:Recieved a disability payment while on Medical/Disability leave which I later found was due to an error in payroll.

Type of discrimination:Discrimination based on my disability.

**Date of incident: 01/05/13**

Who was present:Tondilia Walls

Where:Mailed to my current address

What happened: I recieved a letter informing me of A check issued in error and I was required to come in for a meeting at Pace Suburban Bus company.In this letter concerning the overpayment I was threatened with Criminal Charges. Type of discrimination: discrimination based on my disability.

**Date of incident: 01/07/13**

Who was present: Tondilia Walls,Caesarie Montgomery(Union Rep),Chris Unknown last name(Union Rep),Mark Klafeta(Pace Regional Manager),and Cedrick Wright(Pace Division Manager).

Where:At The meeting at Pace Southwest Division.

What happened:At this meeting I was investigated,Interrogated,intimidated,verbally attatcked,Threatened with criminal charges and suspended.

Type of discrimination:Discrimination based on my disability.

## Date of incident: 01/10/13

Who was present: Tondilia Walls,Caesarie Montgomery(Union Rep),Mark Klafeta(Pace Regional Manager),and Cedrick Wright(Pace Division Manager).

Where: At Second Meeting at Pace Southwest Division.

What Happened: I was again investigated,interrogated,threatened with criminal charges,and terminated for misconduct.I was terminated collectively for recieving the overpayment and based off of my Entire work record which included Family Medical Leave absences in which I was entitled to.

Type of discrimination: Discrimination based on my disability and FMLA retaliation.

## Date of incident: Approximately on June.21,2013.

Who was present:Tondilia Walls,Caesarie Montgomery(Union Rep),Unions' Attorney,Mark Klafeta(Pace Regional Manager),Cedrick Wright(Pace Division Manager), Paces' Atorney, Arbritrator and stenographer.

Where: Arbritration Hearing.

What happened:On transcript Mr.Cedrick Wright,Division manager at Pace, referred to me as a "terrible" or "Bad" employee who never came to work.My abscenses included approved FMLA time that I was entitled to and should not have been considered in this matter.

Type of discrimination:This is discrimination based on my Disability and FMLA retaliation.

**Date of incident:Approximately on June 21,2013**.

Who was present:Tondilia Walls,Caesarie Montgomery(Union Rep),Unions' Attorney,Mark Klafeta(Pace Regional Manager),Cedrick Wright(Pace Division Manager), Paces' Atorney, Arbritrator and stenographer.

Where:Arbitration Hearing concerning my Termination.

What happened:On transcript Mr.Cedrick Wright(Division Mgr. at Pace) contends that the check I recieved would have cost the company a great loss.Mr.Cedrick Wright(Division Mgr. at Pace) when forced by the arbritrator to disclose the punishment of the payroll administrator,who sent four checks to four different induviduals costing the company the greatest lost, revealed she was given only a 3 day suspension and returned to work after.The Payroll administrator was ONLY terminated or transferred from the Pace Southwest location after Mr.Cedrick Wright was force to disclose the details of the disciplinary action taken against her following my arbritration hearing.

Type of Discrimination:Discrimination based on disability and Race.

**Date of Incident: Approximately on June 21,2013.**

Who was present:Who was present:Tondilia Walls,Caesarie Montgomery(Union Rep),Unions' Attorney,Mark Klafeta(Pace Regional Manager),Cedrick Wright(Pace Division Manager), Paces' Atorney, Arbritrator and stenographer

Where::Arbitration Hearing concerning my Termination.

On transcript Mr.Mark Klafeta(Regional Manager at Pace) was asked by the arbritrator:

If Ms.Walls would have showed up at Pace that Monday with check in hand uncashed would you have still terminated her?

Mr.Mark Klafeta (regional mgr. at Pace) responded by saying Yes,I would have still terminated her.

Type of discrimination:Discrimination based on my disability and FMLA retaliation.

_____

_____

_____

_____

(g) ☒     If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒     Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Pendili Walls_ _____

(Plaintiff's name)

_Pendilia Walls_ _____

(Plaintiff's street address)

_7207 South Wood Street_ _____

_Chicago IL 60636_ _____

(City) _Chicago_ _____ (State) _IL_ ____ (ZIP) _60636_

(Plaintiff's telephone number) (_773_) _655.1881_ _____

Date: _May 22, 2014_ _____

6

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | 440-2014-00458 |

Illinois Department Of Human Rights                    and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Tondilia Walls** | **(708) 933-7128** | **03-15-1978** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7207 South Wood, Chicago, IL 60636** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **PACE SUBURBAN BUS COMPANY** | **500 or More** | **(708) 598-5141** |

| Street Address | City, State and ZIP Code |
|---|---|
| **9889 Industrial Drive, Bridgeview, IL 60455** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

RECEIVED EEOC

NOV 18 2013

CHICAGO DISTRICT OFFICE

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest            Latest |

[X] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

Earliest                    Latest **01-10-2013**

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or around November 27, 2007. My most recent position was Bus Operator. Respondent was aware of my pregnancy and my disability. On or around January 10, 2013, I was discharged.

I believe that I have been discriminated against because of my race, Black, and sex, female (pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended. I further believe that I have been discriminated against because of my disability and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| x 11/15/13          x *[signature]* Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Tondilia Walls**<br>**7207 South Wood**<br>**Chicago, IL 60636** | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2014-00458** | **Kirsten J. Peters,**<br>**Investigator** | **(312) 869-8143** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*      2/24/14

Enclosures(s)

**John P. Rowe,**
**District Director**     *(Date Mailed)*

cc: **PACE SUBURBAN BUS COMPANY**
**c/o Jeanne Wrenn, Ethics & EEO Officer**
**550 West Algonquin Road**
**Arlington Heights, IL 60005**

pace

# NOTICE OF PERSONNEL ACTION

Page ___1___ of ___1___

Date: **01/07/2013**

Division: **SOUTHWEST**

[X] Transportation Employee          [ ] Maintenance Employee

**Employee Name:**     **Tondilia Walls**          **Badge/Clock#:**  **3215**

## ACTION TAKEN AS A RESULT OF:

[ ] **ABSENCE**          [ ] **ACCIDENT**   [ ] Preventable     [ ] Non-Preventable

[ ] **VIOLATION**          [X] **OTHER** (explain below)

### ACTION TAKEN:

[ ] **VERBAL WARNING**                    [ ] **COUNSELING**
[ ] **WRITTEN WARNING**                   [ ] **HEARING**
[ ] **RETRAINING**                        [X] **SUSPENSION**
[ ] **COMMENDATION**                      [X] **OTHER** (explain below)

Date of Incident:  **12/28/2012**          Time of Incident:

**Nature of Incident:**  **Short Term Disability Check**

Employee Comments:_____ *No Comments* _____

_____

_____

_____

**Action Taken: :**  **You are instructed to report to the Southwest Division Manager's office at 9889 Industrial Drive, Bridgeview, IL on Thursday January 10, 2013 at 10:15 AM, failure to report will be considered your voluntary resignation.  You may bring union representation but it is your responsibility to make those arrangements. Additionally, you are expected to repay the check in full or be subject to criminal prosecution to the fullest extent of the law.**

_refused to sign_  01-07-13          _____   1-7-13
Employee's Signature      Date          Union Representative   Date
                                                              1-7-13

_signature_  01-7/13          _____   _____
Division-Manager      Date          Sup't of Maintenance   Date

_signature_  01/07/13          _____   _____
Regional Division Manager   Date          Attest   Date

Cc:     Employee File     Regional Division Manager     Human Resources     Employee



A Fresh Approach To Public Transportation

**Southwest Division**

January 3, 2013

Tondilia Walls
7207 S. Wood
Chicago, Il. 60636

Ms. Walls:

You were issued a short term disability check in error dated December 28, 2012 which contained a gross overpayment. You are instructed to report to the Southwest Division Manager's office at 9889 Industrial Drive, Bridgeview, IL on Monday January 7, 2013 at 10:00 am in connection with this matter. Failure to report may result in disciplinary action up to and including discharge. You may bring union representation but it is your responsibility to make those arrangements. Additionally, you are expected to repay the check in full or be subject to criminal prosecution to the fullest extent of the law.

Sincerely,

Cedric A. Wright
Division Manager

cc:     Mark Klafeta
        Human Resources
        Employee file

**pace** A Fresh Approach To Public Transportation

## TRANSPORTATION SECTION

Division: Southwest

Employee Name: Tondilia Walls

Job Title: Part Time Bus Operator

Period of Review 11/26/2007    To: 10/28/2008

Badge: 3215    Sen. Date: N/A

Hire Date: 11/26/2007

### COMMENDATIONS / AWARDS / TRAINING

| Date | Number | Brief Description |
|------|--------|-------------------|
| 03/09/2008 | | Attended 4 Quarterly Safety Training Sessions Commendation of appreciation |

### COMPLAINTS

| Date | Number | Brief Description |
|------|--------|-------------------|
| | | |

### MONITOR REPORTS

| Date | Number | Brief Description |
|------|--------|-------------------|
| 08/11/2008 | 26381 | Talking on cell phone and driving with only one hand on steering wheel |

### WRITTEN / VERBAL WARNINGS

| Date | Type | Brief Description | Supervisor |
|------|------|-------------------|------------|
| 07/06/2008 | Written | (1st) ½ Half miss out in a rolling 12 month period | Wright |
| 07/17/2008 | Written | ½ Half miss out equaling one full miss in a rolling 12 month period | Wright |
| 09/25/2008 | Verbal | Failure to make a complete stop at rail road crossing | Wright |
| 09/25/2008 | Verbal | Talking on cell phone while driving the bus | Wright |
| 09/25/2008 | Verbal | Driving bus with only one hand on steering wheel | Wright |

### ACCIDENTS

| Date | Number | Brief Description | Judgement |
|------|--------|-------------------|-----------|
| | | None | |

### SUSPENSIONS / HEARINGS

| Date | Action | Brief Description | Time-Off |
|------|--------|-------------------|----------|
| | | None | |

### ATTENDANCE RECORDS / DAYS ABSENT

| Missouts | 1/2 Miss | W. Comp | Sick | Excused | Unexcused | Med.Leave | Other |
|----------|----------|---------|------|---------|-----------|-----------|-------|
| 0 | 2 | 0 | 1 | 1 | 1 | 0 | 0 |

Comments: **1 Sick = 1 Instance of Absence, 1 Excused = Unpaid, 1 Unexcused = 1 Instance of Absence**

Side 1

docket: 1038968

Employee Name: Tondilia Walls

Date of Hire: 11/26/2007          Period of Review: 11/26/2007          To: 10/28/2008

WHAT RECOMMENDATIONS DO YOU MAKE TO THE EMPLOYEE TO ENHANCE OVERALL WORK PERFORMANCE?
Tondilia must follow all Pace rules, policies and procedures.
Tondilia must report to work on time every time when scheduled.

WHAT IMPROVEMENT HAS BEEN MADE SINCE THE LAST APPRAISAL?
1st Review

OVERALL PERFORMANCE EVALUATION: THE OVERALL ASSESSMENT OF EMPLOYEE'S PERFORMANCE. CONSIDER ALL FACTORS IN RELATION TO THEIR IMPORTANCE TO THE SPECIFIC TASKS FOR WHICH THE EMPLOYEE IS RESPONSIBLE.

☒ Meets Position Requirements

☐ Needs Improvement

COMMENTS:  Tondilia has the potential of be a professional operator, she must continue to improve her job performance record; we look forward to working with her in the coming year.

EMPLOYEE'S COMMENTS:
_____
_____
_____
_____
_____
_____

_____  12/08
Employee                          Date

**NOTICE TO EMPLOYEE:**
Any work record entries between _10/28/2008

_____  10-28-08    and _12-10-08_ will be reflected on the next
Evaluator                          Date        Employee Performance Appraisal.

_____  10/30/08
Division / Regional Manager        Date

_____  11/14/08
Deputy Executive Director / Revenue Services    Date
Review and Approval

Side 2



## EMPLOYEE PERFORMANCE APPRAISAL
## TRANSPORTATION SECTION

Division: Southwest      Period of Review: 10/28/08     To: 10/26/09

Employee Name: Tondilia Walls      Badge: 3215      Sen. Date: 06/07/09

Job Title: Full Time Bus Operator      Hire Date: 11/26/07

### COMMENDATIONS / AWARDS / TRAINING

| Date | Number | Brief Description |
|------|--------|-------------------|
|      |        | Attended 4 Quarterly Safety Training Sessions |

### COMPLAINTS

| Date | Number | Brief Description |
|------|--------|-------------------|
|      |        | None |

### MONITOR REPORTS

| Date | Number | Brief Description |
|------|--------|-------------------|
|      |        | None |

### WRITTEN / VERBAL WARNINGS

| Date | Type | Brief Description | Supervisor |
|------|------|-------------------|------------|
| 12/16/08 | Written | 1½ miss outs in rolling 12 month period | Wright |

### ACCIDENTS

| Date | Number | Brief Description | Judgement |
|------|--------|-------------------|-----------|
|      |        | None |  |

### SUSPENSIONS / HEARINGS

| Date | Action | Brief Description | Time-Off |
|------|--------|-------------------|----------|
|      |        | None |  |

### ATTENDANCE RECORDS / DAYS ABSENT

| Missouts | 1/2 Miss | W. Comp | Sick | Excused | Unexcused | Med.Leave | Other |
|----------|----------|---------|------|---------|-----------|-----------|-------|
| 0 | 1 | 0 | 0 | 4 | 1 | 0 | 0 |

Comments: **4 Excused = 4 Unpaid days, 1 Unexcused = 1 Instance of Absence**

Side 1

Docket # 1038968

Employee Name: Tondilia Walls

Date of Hire: 11/26/07          Period of Review: 10/28/08          To: 10/26/09

WHAT RECOMMENDATIONS DO YOU MAKE TO THE EMPLOYEE TO ENHANCE OVERALL WORK PERFORMANCE?

WHAT IMPROVEMENT HAS BEEN MADE SINCE THE LAST APPRAISAL?

OVERALL PERFORMANCE EVALUATION: THE OVERALL ASSESSMENT OF EMPLOYEE'S PERFORMANCE. CONSIDER ALL FACTORS IN RELATION TO THEIR IMPORTANCE TO THE SPECIFIC TASKS FOR WHICH THE EMPLOYEE IS RESPONSIBLE.

☒ Meets position requirements

☐ Needs Improvement

COMMENTS: Tondilia must continue to improve her job performance record; we look forward to working with her in the coming year.

EMPLOYEE'S COMMENTS:

_____
_____
_____
_____
_____
_____

_____  _____
Employee                            Date

**NOTICE TO EMPLOYEE:**
Any work record entries between _10/26/09_____
and _03/10/10___ will be reflected on the next
Employee Performance Appraisal.

_____  _____
Evaluator                           Date

_____  _____
Division / Regional Manager         Date

_____  _____
Deputy Executive Director - Revenue Services   Date
Review and Approval

Side 2



## EMPLOYEE PERFORMANCE APPRAISAL
## TRANSPORTATION SECTION

Division: Southwest

Employee Name: Tondilia Walls

Job Title: Full Time Bus Operator

Period of Review: 10/26/09     To: 10/26/10

Badge: 3215     Sen. Date: 06/07/09

Hire Date: 11/26/07

### COMMENDATIONS / AWARDS / TRAINING

| Date | Number | Brief Description |
|---|---|---|
| 03/09/10 | | Attended 4 Quarterly Safety Training Sessions<br>RTW retraining |

### COMPLAINTS

| Date | Number | Brief Description |
|---|---|---|
| 09/11/09 | 39787 | Accident or injury (operator has no knowledge of this incident) |
| 11/03/09 | 42142 | Boarding issues (per IBS, operator called for a 10-7) |
| 12/17/09 | 44071 | Breaking traffic rules (operator has no knowledge of this incident) |
| 07/06/10 | 51272 | Inappropriate action (operator called Dispatch and reported a 10-7) |
| 07/09/10 | 51468 | Late arrival (operator called in 10-7 to Dispatch) |

### MONITOR REPORTS

| Date | Number | Brief Description |
|---|---|---|
| 09/21/09 | 27550 | No problems observed |
| 10/27/09 | 27904 | No problems observed |

### WRITTEN / VERBAL WARNINGS

| Date | Type | Brief Description | Supervisor |
|---|---|---|---|
| 09/16/10 | Verbal | Left excessive garbage in drivers' area on her bus | Wright |

### ACCIDENTS

| Date | Number | Brief Description | Judgement |
|---|---|---|---|
| 07/08/10 | 55510070805 | Passenger fell | Non-Prev |

### SUSPENSIONS / HEARINGS

| Date | Action | Brief Description | Time-Off |
|---|---|---|---|
| | | None | |

### ATTENDANCE RECORDS / DAYS ABSENT

| Missouts | 1/2 Miss | W. Comp | Sick | Excused | Unexcused | Med.Leave | Other |
|---|---|---|---|---|---|---|---|
| 0 | 0 | 0 | 9 | 0 | 2 | 60 | 0 |

Comments: 9 Sick = 1 Instance of Absence, 2 Unexcused = 2 Instances of Absence, 60 Med. Leave = FMLA

Side 1

Docket # 1308968.

Employee Name: Tondilia Walls

Date of Hire: 11/26/07                Period of Review: 10/26/09                To: 10/26/10

WHAT RECOMMENDATIONS DO YOU MAKE TO THE EMPLOYEE TO ENHANCE OVERALL WORK PERFORMANCE?
Tondilia must follow all Pace rules, policies and procedures.

WHAT IMPROVEMENT HAS BEEN MADE SINCE THE LAST APPRAISAL?

OVERALL PERFORMANCE EVALUATION: THE OVERALL ASSESSMENT OF EMPLOYEE'S PERFORMANCE. CONSIDER ALL FACTORS IN RELATION TO THEIR IMPORTANCE TO THE SPECIFIC TASKS FOR WHICH THE EMPLOYEE IS RESPONSIBLE.

☒ Meets position requirements

☐ Needs Improvement

COMMENTS: Tondilia must continue to improve her job performance record; we look forward to working with her in the coming year.

EMPLOYEE'S COMMENTS:
_____
_____
_____
_____
_____
_____

_____  12/8/10
Employee                        Date

_____  _____
Evaluator                       Date

_____  11/02/10
Division / Regional Manager     Date

_____  11/16/10
Deputy Executive Director - Revenue Services
Review and Approval             Date

**NOTICE TO EMPLOYEE:**
Any work record entries between  10/26/2010
and  12/8/10  will be reflected on the next
Employee Performance Appraisal.

Side 7

Case: 1:14-cv-03783 Document #: 58 Filed: 05/22/14 Page 21 of 32 PageID #:58

**pace**
A Fresh Approach To Public Transportation

Docket # 13c

## EMPLOYEE PERFORMANCE RECORD
## TRANSPORTATION SECTION

Division: Southwest

Period of Review: 10/26/10     To: 10/26/11

Employee Name: Tondilia Walls

Badge: 3215     Sen. Date: 06/07/09

Job Title: Full Time Bus Operator

Hire Date: 11/26/07

## COMMENDATIONS / AWARDS / TRAINING

| Date | Number | Brief Description |
|------|--------|-------------------|
| 08/09/11 | | Attended 3 Quarterly Safety Training Sessions<br>Ethics Training |

## COMPLAINTS

| Date | Number | Brief Description |
|------|--------|-------------------|
| 11/30/11 | 57661 | N/A (operator stated there was a detour) |
| 12/21/10 | 58741 | No-show (operator reported late due to traffic, 88 minutes late) |
| 12/22/10 | 58797 | Early arrival ( per IBS, operator did not leave early, but was 27 minutes late) |
| 07/06/11 | 66895 | Late arrival (per IBS, 27 minutes late due to traffic) |

## MONITOR REPORTS

| Date | Number | Brief Description |
|------|--------|-------------------|
| | | None |

## WRITTEN / VERBAL WARNINGS

| Date | Type | Brief Description | Supervisor |
|------|------|-------------------|------------|
| 03/18/11 | Verbal | 3rd instance of absence in rolling 12 months | Wright |
| 04/18/11 | Written | Full miss out in rolling 12 months | Wright |
| 06/09/11 | Written | 1½ miss outs in rolling 12 months | Wright |
| 10/24/11 | Verbal | 3rd instance of absence in rolling 12 months | Wright |

## ACCIDENTS

| Date | Number | Brief Description | Judgement |
|------|--------|-------------------|-----------|
| | | None | |

## SUSPENSIONS / HEARINGS

| Date | Action | Brief Description | Time-Off |
|------|--------|-------------------|----------|
| | | None | |

## ATTENDANCE RECORDS / DAYS ABSENT

| Missouts | 1/2 Miss | W. Comp | Sick | Excused | Unexcused | Med. Leave | Other |
|----------|----------|---------|------|---------|-----------|------------|-------|
| 1 | 1 | 0 | 0 | 2 | 4 | 49 | 0 |

Comments: 2 Excused = 2 Unpaid Days, 4 Unexcused = 3 Instances of Absence, 49 Med. Leave = FMLA

Side 1

Employee Name: Tondilia Walls

Date of Hire: 11/05/02          Period of Review: 10/26/10          To: 10/26/11

WHAT RECOMMENDATIONS DO YOU MAKE TO THE EMPLOYEE TO ENHANCE OVERALL WORK PERFORMANCE?

WHAT IMPROVEMENT HAS BEEN MADE SINCE THE LAST APPRAISAL?

OVERALL PERFORMANCE EVALUATION: THE OVERALL ASSESSMENT OF EMPLOYEE'S PERFORMANCE. CONSIDER ALL FACTORS IN RELATION TO THEIR IMPORTANCE TO THE SPECIFIC TASKS FOR WHICH THE EMPLOYEE IS RESPONSIBLE.

☒ Meets position requirements

☐ Needs Improvement

COMMENTS:  Tondilia must continue to improve her job performance record; we look forward to working with her in the coming year.

EMPLOYEE'S COMMENTS:

_____
_____
_____
_____
_____
_____

_____  05/16/12
Employee                          Date

**NOTICE TO EMPLOYEE:**
Any work record entries between 10/26/11 and _05-16-12_ will be reflected on the next Employee Performance Appraisal.

_____  10/26/11
Evaluator                         Date

_____  12/01/11
Division / Regional Manager       Date

_____  12/8/11
Deputy Executive Director / Revenue Services     Date
Review and Approval

Side 2



# General Rule Book

## Governing
## Bargained-For Employees
### of the
### Suburban Bus Division of the RTA

**Revised September 2000**

*Exhibit L        docket #: 1308968*

## DEFINITION

<u>EMPLOYEE</u> -        Any person employed by PACE, The Suburban Bus Division of the Regional Transportation Authority.

## RULES

A.    <u>Obedience to Rules</u>

    1.    All rules, orders, bulletins, administrative operating procedures and instructions must be obeyed.

    2.    Ignorance of the rules, orders, bulletins, administrative operating procedures and instructions will not be accepted as an excuse for failure to comply.

    3.    Violation is cause for disciplinary action.

B.    <u>Conditions Imperiling Safety</u>

Any employee who discovers a condition which imperils the welfare of passengers, employees, and/or equipment of PACE, must correct it, if possible to do so, and, in any case, report the problem promptly to the immediate supervisor.

C.    <u>Physical Examination</u>

    1.    Employees are subjected to physical examinations and medical tests, as deemed necessary, to assure fitness to perform their assigned duties.

    2.    Employees who, when reporting for work or at any time during their workday, appear to be impaired due to intoxicating liquor, controlled substances or narcotics, may be ordered to undergo testing which may include urine and blood samples.

*Exhibit L    docket # 1308968*

3.  Employees whose health is impaired or becomes impaired to the extent that their safety or the safety of others becomes a questions, must notify their immediate supervisor as soon as the condition is known to the employee.

4.  Any employee, operating a PACE vehicle, who is taking any prescribed medication must immediately notify their supervisor of the type and purpose of the medication.

D.  Training

Employees must attend training/retraining sessions as their supervisors deem necessary and must pass all examinations and qualifications that are applicable.

E.  Responsibility for Property

1.  Employees who collect or handle fares, revenue, tickets and assets of PACE will be held fully responsible for the proper collection, registration, and accounting of the same.

    Bus Operators are strictly forbidden from handling fares. Any malfunction of a fare collection device must be reported immediately to the dispatcher, or appropriate supervisor. (Note: Under special circumstances, operators are permitted to assist persons with disabilities in the event that they cannot deposit their fare themselves.)

2.  Equipment or property issued by PACE to employees remains the property of PACE and must be displayed and surrendered upon request of PACE officials. Settlement in full must be made for all equipment or property not returned. All property issued by PACE must be surrendered when an employee leaves PACE's employment.

3.  The loss of any PACE property must be reported immediately to the proper supervisor, and must be followed by a written report the same day of occurrence.

4.  Employees must safeguard the property and equipment of PACE. Any area under protection of a security alarm may be entered only in a proper manner by an authorized employee. Security is to be restored as soon as practical to do so.

*Exhibit L    docket # · 1308968*

5.   Abusing, destroying, damaging, stealing, or defacing property, tools, or equipment of PACE or that of others is prohibited.

6.   Theft or unauthorized possession or use of property or equipment is prohibited.

7.   Disclosure of official company business to unauthorized persons is prohibited.

8.   Tampering, or modifying the use of any fare collection device, or willfully not following procedures established for the collection of revenue will be considered an act of theft.

F.   <u>Personal Conduct</u>

Each of these circumstances is prohibited and is cause for disciplinary action:

1.   Use of illegal drugs is forbidden at any time.

2.   Use or possession of intoxicating liquor, controlled substances, or narcotics of any kind from the time an employee reports for work until the conclusion of the employee's workday, or reporting for work in an impaired condition due to the use of the same. Further, an employee may not have a controlled substance or narcotics of any kind in his or her system from the time an employee reports for work until the conclusion of the employee's workday.

3.   Employees required to wear uniforms shall not, while in uniform, either enter an establishment of which the main business is selling of alcohol, or partake of alcohol in a public place.

4.   Knowingly accepting relief from or permitting an employee to work who is under the influence of intoxicating liquor, controlled substance or narcotics.

5.   Unauthorized possession of any type of firearms or other weapons, while on duty, on PACE premises, using any PACE vehicle or in uniform.

*Exhibit L docket 1308968*

6.     Insubordination.

7.     Conduct unbecoming an employee.

8.     Abusive attitude, language, or conduct to fellow employees or the public.

9.     Discourteous treatment of any person.

10.     Disrespect to supervisors, co-workers or the public.

11.     Negligence resulting in damage to property, injury, or waste of public supplies or funds, or any willful misconduct.

12.     Conviction of a felony involving conduct bearing upon the employee's ability to perform his/her job.

13.     Absence without permission.

14.     Leaving assigned work location while on duty without prior notice to and approval from the appropriate supervisor.

15.     Falsifying any statement or record.

16.     Gambling while on duty or on PACE premises.

17.     Excessive absenteeism or falsifying sickness or injury. See absenteeism policy applicable to your division.

18.     Use of any unauthorized appliances or devices, such as radios, radios that have earphone devices or plugs, or any other device that would imperil the safety of passengers, pedestrians, PACE equipment and your own well being while on duty, is prohibited.

19.     Practical jokes, horseplay or pranks.

Exhibit L docke.
130896

20. Abuse of the use of telephones.

21. Performing personal work while on duty or on PACE property; and diverting PACE resources to personal use.

22. Distraction of or unnecessary conversation with any employee on duty.

23. Smoking in "No Smoking" areas upon PACE premises, or, when operating a PACE vehicle.

24. Unauthorized reading of books, magazines, newspapers, or other unrelated material while on duty.

25. Misuse of riding pass, or transferring the pass to another person.

26. Physical attack, or the threat of physical attack on any person.

27. Incompetence or negligence in the performance of duties.

28. Leading fellow employees into a wildcat strike, or participating in such a strike.

29. Acceptance of fees, gifts, or gratuities, or other valuable items in the course of employment.

30. Favoritism to a vendor and/or a contractor.

31. Breach of confidentiality.

32. Unnecessary conversation with passengers on a PACE bus by a PACE employee while on duty.

Exhibit L    docket  1308962

G.    Ethics

1.    Employees are prohibited from engaging directly or indirectly in any other business or employment without prior written permission of the Executive Director.

2.    Employees who are required to do so by law shall file a statement of economic interest with the proper jurisdiction.

3.    No employee shall knowingly participate in the selection, award, or administration of a contract supported by PACE funds if a real or apparent conflict of interest would be involved.  A conflict would arise when an employee, any member of his or her immediate family, his or her partner, or an organization that employs or is about to employ any of the above, has a financial or other interest in a firm under consideration or selected by PACE for a contract.

H.    Accident Assistance and Information

1.    Employees will render all assistance possible in case of any accident in which employees or equipment of PACE and its carriers is involved.

2.    If persons involved in an accident request information, employees will give their name, work location, and employee number.  Employees must not give any information about an accident to anyone except authorized personnel.

3.    Employees may be required to act as a witness, if deemed necessary.

I.    Accident/Incident Reports

1.    Any accident/incident involving a PACE vehicle, passengers, or property must be reported to the dispatcher or immediate supervisor immediately.  Any employee involved in an accident/incident must complete an accident/incident report before leaving the garage or office the day of the accident/incident.

*Exhibit L     docket 1308968*

2.    Complete and accurate written reports must be made for every accident, disturbance, ejection, or other unusual occurrence which involves PACE. Employees must not falsify any report.

J.    <u>Reporting for Duty</u>

1.    Employees must not change their scheduled working hours, assignments, or duties unless authorized to do so by their appropriate supervisor. Tardiness or unauthorized early departure is not permitted.

2.    If unable to report for duty, employees must notify the appropriate supervisor before their reporting time for each occurrence. Fulfillment of this requirement does not automatically constitute an excused absence. Employees must follow rules issued at each respective division regarding report times.

3.    All employees must maintain a telephone in working order at their place of residence.

K.    <u>Addresses and Telephone Numbers</u>

All employees must keep their immediate supervisor and Human Resources informed of change in name, marital status, home address, telephone number and driver's license status.

L.    <u>Unnecessary Noise</u>

Employees must refrain from making unnecessary noise in or around offices, terminals, garages or on the properties of PACE and its carriers.

M.    <u>Soliciting</u>

Canvassing, soliciting, circulating petitions, or the collection of money by or from employees on PACE's property, for any purpose, is prohibited without written permission of the Executive Director.

Exhibit L  docket
1308968

N.    Employees as Passengers

1.    Employees must not occupy seats to the exclusion of passengers.

2.    While riding PACE or carrier buses as passengers, or while on PACE property, employees must conduct themselves in a responsible manner and must not engage in conversation with employees on duty, except when necessary, in the execution of their duties.

3.    To exercise riding privileges, in lieu of fare payment, employees must present the proper identification in a plainly visible manner.

O.    Personal Appearance

1.    Personal cleanliness and neatness is required at all times.

2.    Employees must be attired as is applicable to their work situation.

P.    Use of Best Judgement

Should a situation requiring prompt action arise which is not covered by the rules in the General Rule Book, Employee Handbook, Administrative Procedures, bulletins, or instructions, the employee involved must use their best judgement in selecting the best course of action to follow, then report the action taken to the appropriate supervisor as soon as possible thereafter.

Q.    Courtesy

Employees must be courteous at all times.  Patience and self-control must be used to avoid starting or aggravating a controversy.  In case of a misunderstanding arising with a member of the Public in the performance of employee duties, employees should politely and quietly request the person to contact the Passenger Services Office of PACE at 708/364-7223 for further consideration of the point of question.

*Exhibit L        docket  1308968*

R.    Driver's License

Employees must have a valid driver's license, with the proper classification pertaining to their respective job, and must carry their valid driver's license at all time while on duty.

Employees without a valid driver's license pertaining to their respective job must report to their immediate supervisor.  Employees who operate a PACE vehicle must report to their supervisor immediately any suspensions, revocation, or moving violation tickets.

S.    Identification Card

Employees are required to carry their PACE Employee Identification Card whenever on duty.

**Originally Issued**                                    Date:  **January 1, 1985**
                                              Revised Date:  **December 1991**