IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONDILIA WALLS, | ) |
| Plaintiff, | ) |
| | ) No. 14-cv-03783 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| PACE SUBURBAN BUS CO., | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Tondilia Walls claims that her former employer, Pace Suburban Bus Co. ("Pace"),[1] terminated her employment in retaliation for her taking a medical leave of absence, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Pace contends that Walls was properly terminated for cause, that this issue has already been determined through arbitration, and that the arbitrator's decision precludes Walls from bringing this federal lawsuit. On this and other bases, Pace has now filed a motion for summary judgment. (Dkt. No. 35.) For the reasons stated below, the Court denies Pace's motion.

### BACKGROUND

For purposes of this motion, the Court accepts the following facts as undisputed.[2] Walls worked as a bus operator for Pace, an Illinois public transportation agency, from November 2007

---

[1] In its filings, Defendant repeatedly refers to itself as "Pace Suburban Bus, a Division of the Regional Transportation Authority, incorrectly sued as Pace Suburban Bus Co.," but it has not asked the Court to modify the case caption or take any other action in this regard.

[2] Walls did not file a response to Pace's statement of undisputed material facts; thus, the Court deems Pace's version of the facts as admitted. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the

through January 10, 2013. (Def. Stmt. of Mat. Facts ¶¶ 1, 3, Dkt. No. 37.) Walls's employment was governed by a collective bargaining agreement ("CBA") between Pace Southwest Division and the Amalgamated Transit Union ("Union"). (*Id.* ¶ 4.)[3] At the time the events giving rise to this lawsuit occurred, Walls was on medical leave and receiving short-term disability compensation from Pace. (*Id.* ¶ 5.) During her medical leave, Walls regularly received a check from Pace every two weeks in the amount of $574. (*Id.* ¶ 6.) On or about December 28, 2012, however, due to a payroll error, Walls received a check from Pace in the amount of $12,197. (*Id.* ¶ 7.) Walls deposited the check into her personal bank account. (*Id.* ¶ 8.) Upon realizing the error, Pace placed a stop payment on the erroneous check and ultimately recovered the overpaid funds. (*Id.*, Ex. F at 3.)

As a result of what Pace characterizes as misconduct related to her deposit of the erroneous check, Pace first suspended Walls and then, on January 10, 2013, terminated her employment. (*Id.* ¶ 10 & Ex. F at 3.) On January 18, 2013, pursuant to the grievance procedure laid out in the CBA, a Union representative filed a grievance on Walls's behalf (*Id.* ¶ 11 & Ex. C at 138.) Pace denied Walls's grievance on February 5, 2013. (*Id.* ¶ 12 & Ex. E.) Per the arbitration procedure set forth in the CBA, Walls then submitted her grievance to arbitration for a hearing on the merits. (*Id.* ¶ 13.)

Arbitration proceedings were held on June 25, 2013. (*Id.* ¶ 14.) The arbitration transcript and the arbitrator's written decision indicate that the proceedings dealt solely with the issue of

---

statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party.").

[3] Article 30 of the CBA states that the agreement "shall be in force and effect on July 1, 2009 and shall continue in force and effect up to and including June 30, 2012 and from year to year thereafter." (Def. Stmt. of Mat. Facts, Ex. B at 21, Dkt. No. 37.)

whether Walls's actions in depositing the $12,197 check constituted misconduct sufficient to provide Pace with just cause to discharge her under the terms of the CBA. (*Id.*, Exs. C, F.) The arbitrator's decision, issued on August 16, 2013, found that Pace had cause under the CBA for the termination "based upon [Walls's] unjustified deposit of the December 28, 2012 check into her checking account <u>and</u> especially her retention of the proceeds thereafter without notification to Pace or having made an effort to contact Pace." (*Id.* ¶ 15 & Ex. F at 5 (emphasis in original).)

On May 22, 2014, Walls filed this lawsuit against Pace. Walls's amended complaint, filed May 21, 2015 and now operative, asserts claims under the ADA and FMLA. (Dkt. No. 31.)[4] Walls alleges that her discharge violated her contractual rights and that the overpayment incident was not the true reason for her termination. Instead, according to Walls, Pace used the check incident as pretext to retaliate against her for taking medical leave, in violation of the ADA and FMLA. Pace's motion for summary judgment is now before the Court. (Dkt. No. 35.) Pace argues that Walls's challenge to the arbitrator's decision is time-barred and that Walls is bound by the arbitrator's decision that her termination was for cause.

## DISCUSSION

Summary judgment should be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding such a motion, the Court examines the record in the light most favorable to the non-moving party, resolving all evidentiary conflicts in her favor and according her the benefit of all reasonable inferences that may be drawn from the record. *Coleman v. Donahoe*, 667 F.3d 835, 842 (7th Cir. 2012).

---

[4] Walls initially filed this lawsuit *pro se*. She also filed a motion for attorney representation at the outset of the case, which the Court denied without prejudice. (Dkt. Nos. 5, 7.) Upon the filing of Pace's motion for summary judgment, the Court revisited the representation issue and recruited *pro bono* counsel for Walls. (Dkt. Nos. 44, 46.)

## I. Timeliness of Walls's Claims

As an initial matter, Pace argues that Walls is time-barred from challenging the arbitrator's decision by a federal statute which requires that "[n]otice of a motion to vacate, modify, or correct an [arbitration] award [] be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. However, Walls has not moved to vacate, modify, or correct an arbitration award. In fact, there is no award at issue here, but simply a decision denying Walls's grievance. The cases cited by Pace in support of its argument on this point are inapposite. In both *International Union of Operating Engineers, Local No. 841 v. Murphy Co.*, 82 F.3d 185 (7th Cir. 1996), and *Sullivan v. Lemoncello*, 36 F.3d 676 (7th Cir. 1994), the parties were disputing not the arbitrator's decision on the merits but the relief awarded—in the former case, reinstatement and damages, and in the latter, penalties and fines. Because Walls has not moved to vacate, modify, or correct an award issued by the arbitrator, the Court finds that 9 U.S.C. § 12 does not bar Walls's claims. But even if the term "award" in the statute were read to mean "decision" or "determination," as discussed further below, Walls's complaint in this case does not ask merely that the arbitrator's findings be vacated, modified, or corrected. Rather, she is asserting claims for discrimination under the ADA and FMLA that were not presented to the arbitrator (let alone decided), and Pace, in its motion for summary judgment, does not contend that those ADA and FMLA claims are time-barred.[5]

---

[5] Pace did assert in its answer to Walls's amended complaint an affirmative defense that Walls is barred from challenging any alleged act or omission that occurred more than 300 days prior to the filing of her charge with the EEOC. (*See* Def. Ans. at 15, Dkt. No. 45.) That affirmative defense is not a subject of the instant motion.

## II. Preclusive Effect of Arbitrator's Decision

Pace's primary contention in seeking summary judgment is that Walls is bound by the decision of the arbitrator that her termination was for cause. Pace cites *Huffman v. Westinghouse Electric Corp.*, 752 F.2d 1221 (7th Cir. 1991), for the proposition that when an employee receives a grievance determination that is final and binding under the governing contract, the employee may not then litigate the merits of the grievance unless it can be shown that the grievance process was in some manner subverted. In this case, the CBA provides that employees may submit grievances to arbitration,[6] where "[t]he authority of the arbitrators shall be limited to the construction and application of the specific terms of [the CBA] and/or to the matters referred to them for arbitration." (Def. Stmt. of Mat. Facts, Ex. B at 3, Dkt. No. 37.)[7] Pursuant to the terms of the CBA, "[t]he decision of a majority of the Board of Arbitration shall be final, binding, and conclusive upon the Union and Pace." (*Id.*) The opinion in *Huffman* suggests that Walls, who has not taken issue with the grievance process, may not litigate the merits of her grievance, which have already been determined by an arbitrator whose decision is final and binding under the terms of the CBA.

---

[6] The CBA also includes a general agreement-to-arbitrate provision, which states that, "[i]t is hereby agreed that the properly accredited officers of Pace shall meet and treat with the properly accredited officers of the Union on all questions and grievances that may arise during the life of [the CBA], and should there be any that cannot be amicably adjusted between the properly accredited officers of Pace and the properly accredited officers of the Union, same shall be submitted to an ad hoc Board of Arbitration[.]" (Def. Stmt. of Mat. Facts, Ex. B at 3, Dkt. No. 37.)

[7] Article 6, Section C of the CBA goes on to state that the arbitrators "shall have no authority or jurisdiction directly or indirectly to add to, subtract from or amend any of the specific terms of [the CBA] or to impose liability not specifically expressed [therein]." (*Id.*)

As noted above, however, the record indicates that the merits of Walls's grievance as arbitrated were limited to the issue of whether she was terminated for just cause.[8] While courts have barred parties from re-litigating whether an employee was discharged for just cause where an arbitrator has already made that determination under a collective bargaining agreement, those cases do not preclude Walls's claims here. Pace relies on *Johnson v. Agar Products Co.*, No. 81 C 2983, 1981 U.S. Dist. LEXIS 15854 (N.D. Ill. Oct. 29, 1981), where the court found that the plaintiff, who had brought a claim for unlawful discharge after an arbitrator determined that he was discharged for just cause, was barred from challenging that determination in an effort to demonstrate that he was in fact fired without cause. But unlike the plaintiff in *Johnson*, Walls is not attempting to show that newly discovered evidence proves the charges against her leading to her termination were false. Rather, Walls is contending that the charges leading to her termination were pretext for what was in fact a discriminatory discharge. While the reasoning in *Johnson* and the other cases cited by Pace—*Clear Channel Outdoor, Inc. v. International Unions of Painters and Allied Trades, Local 770*, 558 F.3d 670 (7th Cir. 2009), and *Amoco Oil Co. v. Oil, Chemical & Atomic Workers International Union, Local 7-1, Inc.*, 548 F.2d 1288 (7th Cir. 1977)—may very well preclude Walls from re-litigating whether she was fired for cause, that does not lead to the conclusion that she is precluded from bringing her ADA and FMLA claims in federal court.

The arbitrator was responsible for determining whether Pace was within its rights under the CBA when it discharged Walls. The arbitrator was apparently not asked to determine, and did

---

[8] The arbitration transcript and the arbitrator's written decision frame the issue as whether there was cause under the CBA for Walls's discharge, and the arbitrator's decision focuses on whether Walls's actions constituted misconduct under the terms of Pace's general rule book. (*Id.*, Exs. C, F.)

not consider, whether Pace violated Walls's rights under the ADA and FMLA in discharging her.[9] The arbitrator did not decide, for example, whether Pace's claimed cause for terminating Walls was in fact pretextual—that is, whether the true reason that Pace terminated Walls was the amount of medical leave she took due to her disability. Because the issue of whether Walls was the victim of retaliation in violation of the ADA and FMLA was not arbitrated, the Court rejects Pace's argument that the arbitrator's finding that Pace had cause to terminate Walls implicitly bars her claims here.

Pace's contention that it has presented unrebutted evidence that Walls would have been terminated based on her actions regardless of her disability, and furthermore, that the record is clear in that regard, is unpersuasive. The arbitration transcript reveals that Walls's "very bad attendance record" factored into Pace's discharge decision. (Def. Stmt. of Mat. Facts, Ex. C at 19, Dkt. No. 37.) And, as admitted in Pace's answer to Walls's amended complaint, the termination letter Pace sent to Walls states that she was discharged for both the check depositing incident and her "entire work record." (Def. Ans. ¶ 21, Dkt. No. 45.) If Walls's "entire work record" includes her taking of medical leave, Walls may yet be able to support her allegations of discrimination.

The Court thus does not view the record as clearly indicating that Walls was terminated solely for misconduct related to the erroneous check. Even accepting the arbitrator's decision that Pace had cause to discharge Walls as undisputed, final, and binding, it does not necessarily follow that Walls would have been terminated for that misconduct even if she were not on medical leave at the time. It could be as Walls claims: that the misconduct rationale was pretextual and that she

---

[9] While the CBA does include a general anti-discrimination provision, Walls did not raise this provision or the issue of discrimination generally in connection with the grievance and arbitration process, and the arbitrator's decision does not address it. As Pace concedes that whether the CBA required Walls to arbitrate her statutory claims is not the basis of its position in the present motion, the Court will not address that issue. (Def. Reply in Support of Mot. for Summ. J. at 7, Dkt. No. 55.)

in fact would not have been terminated if she were working at the time of the overpayment incident. If Walls puts forward evidence that a similarly-situated employee who, like Walls, deposited an erroneous check, but who did not take any or as much medical leave as Walls and was not terminated by Pace, a reasonable jury could find that to be evidence of pretext.

Pace argues in its reply brief that Walls has offered no evidence to support the contention that she was terminated for anything but cause. (Def. Reply in Support of Mot for Summ. J. at 9, Dkt. No. 55.) But this may simply be because the parties have not yet conducted sufficient—or any—discovery. Pace filed its motion for summary judgment in direct response to the amended complaint, *before it had even filed an answer*. Thus, Pace's assertion that Walls has reached the "put up or shut up" stage of this lawsuit is disingenuous. (*Id*. at 9 (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999))). At this early stage in the litigation, it would be premature to determine whether or not there is any genuine dispute of material fact regarding potentially discriminatory motives. This conclusion does not preclude Pace from filing a subsequent motion for summary judgment on the merits, if appropriate, as the Court here is presented only with the threshold issue of whether Walls is barred from pursuing her discrimination claims.

## CONCLUSION

For the reasons discussed above, the Court finds that the arbitrator's decision that Walls was terminated for cause does not preclude her claims here that such termination was in violation of the ADA and FMLA. Accordingly, Defendant's motion for summary judgment (Dkt. No. 35) is DENIED.

ENTERED:

Dated: March 8, 2016

_____
Andrea R. Wood
United States District Judge